

# THE ATTORNEY GENERAL

## OF TEXAS

GERALD C. MANN
ATTORNEY GENERAL

AUSTIN 11, TEXAS

February 6, 1939

Hon. Fred Norris, County Auditor
Livingston, Texas

Dear Sir:

Opinion No. O-147
Half cost paid officers

Your request for an opinion on the following questions:

"Are fee officers entitled to one-half of
their fees, where there is no evidence of a con-
vict having worked, even if he was committed to
the workhouse?

Is it possible for a Commissioners' Court
to create a workhouse with those restrictions?"

has been received by this office.

This department rendered an opinion on January 11, 1939
construing Article 1055 Code of Criminal Procedure, holding in ef-
fect that Chapter 488 of the General and Special Laws of the Forty-
Fifth Legislature, same being House Bill No. 127 of the Regular
Session, is void, being in controvention of Section 35, Article 3
of the Constitution and that Article 1055 Code of Criminal Pro-
cedure, 1925, not having been repealed, and the amendatory act
being unconstitutional and entirely void is still the law and all
fee officers are subject to its provisions.

Article 1055 Code of Criminal Procedure, 1925, reads as
follow:

"The county shall be liable to each officer
and witness having costs in a misdemeanor case
for only one-half thereof where the defendant
has satisfied the fine and costs adjudged against
him in full by labor in the workhouse, on the county
farm, on the public roads or upon any public works
of the county; and to pay such half of such legal
costs as may have been so taxed, not including com-
missions, the county judge shall issue his warrant
upon the county treasurer in favor of the proper
party, and the same shall be paid out of the road
and bridge fund or other funds not otherwise ap-
propriated."

Article 794 Code of Criminal Procedure, provides in effect; where the punishment assessed in a conviction for misdemeanor is confinement in jail for more than one day, or where in such conviction the punishment is assessed only at a pecuniary fine and the party so convicted is unable to pay the fine and costs adjudged against him, those so convicted shall be required to do manual labor in accordance with the provisions of said act and under the rules and regulations set forth in said article.

Sections 1,2,5,6,8,9, and 10 of Article 794 Code of Criminal Procedure, reads as follows:

"1. Each commissioners' court may provide for the erection of a workhouse and the establishment of a county farm in connection therewith for the purpose of utilizing the labor of said parties so convicted.

2. Such farms and workhouses shall be under the control and management of the commissioners' court, and said court may adopt such rules and regulations not inconsistent with the laws as they deem necessary for the successful management and operation of said institutions and for effectively utilizing said labor.

5. They shall be put to labor upon the public roads, bridges or other public works of the county when their labor cannot be utilized in the county workhouse or county farm.

6. They shall be required to labor not less than eight nor more than ten hours each day, Sundays excepted. No person shall ever be required to work for more than one year.

8. When not at labor they may be confined in jail or the workhouse, as may be most convenient, or as the regulations of the Commissioners' Court may prescribe.

9. A female shall in no case be required to do manual labor except in the workhouse.

10. One who from age, disease, or other physical or mental disability is unable to do manual labor shall not be required to work, but shall remain in jail until his term of imprisonment is ended, or until the fine and costs adjudged against him are discharged according to law. His inability to do manual labor may be determined by a physician appointed for that purpose by the county judge or the Commissioners' Court, who shall be paid for

such service such compensation as said court may allow."

In view of the foregoing statutes you are respectfully advised that it is the opinion of this department that the Commissioners' Court may adopt such rules and regulations not inconsistent with the laws, as they deem necessary for the successful management and operation of said institutions, and for effectively utilizing said labor, mentioned in Article 794 Code of Criminal Procedure, and that one who is physically or mentally unable to do manual labor, shall not be required to work but shall remain in jail until his term of imprisonment is ended or until the fine and costs adjudged against him are discharged according to law. His inability to do manual labor may be determined by a physician appointed for that purpose by the County Judge or the Commissioners' Court, and that unless a person convicted of a misdemeanor is placed in the workhouse or county farm, or does some other public work as provided in said statute, the officials would not be entitled to half of the cost in such cases and that the Commissioners Court has the right and authority to make an order as mentioned in your letter.

Trusting that the foregoing answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Andell William
Assistant

AW:ob-BK

APPROVED:
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS